IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLORIA LYTLE, et al.,** | : | **No. 1:05-CV-0133** |
| **Plaintiffs** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **CAPITAL AREA INTERMEDIATE UNIT, et al,** | : | |
| **Defendants** | : | |

# M E M O R A N D U M   &   O R D E R

There are two claims currently providing Plaintiffs with original jurisdiction in federal court.  Count I is by Plaintiff Gloria Lytle and Count II is by Plaintiff Roger Morrison, both against the Capital Area Intermediate Unit ("CAIU") for violation of the False Claims Act, 31 U.S.C. § 3729 *et seq* ("FCA").  Plaintiffs bring an additional six state law claims under the umbrella of supplemental jurisdiction, alleging that the state law issues arise out of the same case or controversy as the FCA claim.  Those additional six claims involve Lytle, Morrison, Morrison and Sons Transportation, and Lytle Transportation as plaintiffs against the CAIU and no less than forty-nine additional defendants.  There are two motions to dismiss currently ripe for disposition.  (Docs. 40, 42.)

An issue raised on the motion to dismiss filed by the CAIU implicates the question of whether Plaintiffs Lytle and Morrison may sue the CAIU for retaliation under the FCA.  The statute provides that:

> [a]ny *employee* who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under [the FCA] . . . shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the

> discrimination, [two] times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

31 U.S.C. § 3730(h) (emphasis added).  The term "employee" is not defined in the statute.

When Congress does not define the term "employee," it is proper to conclude that "Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-23 (1992) (decided under ERISA); *Vessell v. DPS Assocs. of Charleston, Inc.*, 148 F.3d 407, 411-12 (4th Cir. 1998) (following *Darden* to apply common-law agency definition of "employee" to the FCA); *accord Watson v. Conn. Gen. Life Ins. Co.*, 87 F. App'x 257, 262-63 (3d Cir. 2004) (same). According to *Darden*:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

503 U.S. at 323-24 (quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-752 (1989)).  No one of these factors is dispositive; all must be weighed to determine whether an employer–employee relationship existed between parties. *Id.* at 324.  The plain language of the FCA provides relief for employees only, not

2

independent contractors.  *Vessell*, 148 F.3d at 413; *accord Watson*, 87 F. App'x at 261.

Plaintiffs have alleged facts suggesting that they had an employer–employee relationship with the CAIU.  Defendants argue that Plaintiffs were independent contractors.  The factual determination of Plaintiffs' status is not suited for a motion to dismiss.  However, it is an important threshold question in this case—if Plaintiffs were employees, their suit may proceed.  If they were independent contractors, and the FCA retaliation provision does not apply to them, their federal claim would have to be dismissed.  This action would deprive this court of federal question subject matter jurisdiction and supplemental jurisdiction over the state law claims.  Accordingly, in the interest of preserving judicial resources and the resources of the parties, **IT IS HEREBY ORDERED THAT**:

1) Disposition of the pending motions to dismiss are stayed.

2) All case management deadlines are stayed.

3) All Plaintiffs and the CAIU shall engage in discovery regarding the question of whether Gloria Lytle and Roger Morrison were employees of the CAIU or were independent contractors.  Discovery on this issue shall conclude no later than August 25, 2008.

4) Upon close of discovery, and no later than September 8, 2008, Plaintiffs Lytle and Morrison and the CAIU are permitted, if they choose, to file motions for summary judgment and supporting briefs on the single question of the employment status of Lytle and Morrison.  They shall abide by all Federal Rules of Civil Procedure and the Local Rules of the Middle District of Pennsylvania in so filing.  The briefing schedule after the initial motion shall follow the time prescription set forth in the Local Rules.

5) Should the parties elect not to file the dispositive motion set forth above, or upon disposition of any motion filed, this court will evaluate the remaining claims in the pending motions to dismiss and issue a new case management order.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  July 14, 2008.