IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLORIA LYTLE , LYTLE TRANSPORTATION, ROGER MORRISON, and MORRISON & SONS TRANSPORTATION,** : : : : : : : | **CIVIL NO. 1:CV-05-0133** |
| **Plaintiffs** : : | |
| v. : : | |
| **CAPITAL AREA INTERMEDIATE UNIT,** *et al.***,** : : : | |
| **Defendants** : | |

# MEMORANDUM & ORDER

## I.        Introduction

Before the court is Plaintiffs' Motion for Sanctions pursuant to Rules 11(c) and 37(c) of the Federal Rules of Civil Procedure. Defendants (collectively "CAIU") have filed a brief in opposition to which Plaintiffs have replied. The matter is ripe for disposition.

## II.       Background

On July 18, 2008, this court ordered the parties to participate in discovery related to the issue of whether Plaintiffs were employees of CAIU or independent contractors. During discovery, Plaintiffs, through interrogatories, requests for production of documents, and depositions, attempted to determine whether CAIU carried general liability policies or umbrella liability policies that covered transportation contractors hired by CAIU. CAIU responded that they had no such policies. Plaintiffs, however, ultimately obtained documents purporting to be insurance policies of CAIU through CAIU's insurance brokers.

Plaintiffs' motion alleges that these documents prove that CAIU had excess and umbrella liability insurance coverage insuring the transportation contractors and that CAIU provided false answers and withheld information during the discovery period.[1] CAIU claims that Plaintiffs always couched requests in terms of whether the CAIU had excess umbrella liability insurance coverage for <u>transportation</u> <u>contractors</u>. (CAIU's Reply Br. at p. 11.) CAIU admits in its statement of undisputed facts in support of its motion for summary judgment that it had, since the 2000–01 fiscal year, an excess liability/umbrella policy that covered CAIU employee transportation drivers, but did not have "insurance covering independent transportation contractors." (CAIU's Stmt. of Undisputed Facts ¶¶ 71–72.)

### III.     **Rule 11 and Rule 37 Standards**

All parties agree that the legal standard for evaluating conduct under Rule 11 is "reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991); *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir. 1988).

Rule 37(c) provides in relevant part:

> ***Failure to Disclose or Supplement***. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[1] This court expresses surprise that Plaintiffs' counsel did not contact the court for assistance if they encountered so much difficulty during discovery. During the case management conference, the court advised counsel that if difficulties arose during the discovery period, counsel should call the court and arrange for a conference call to resolve the difficulties. Despite the alleged difficulties, Plaintiffs' counsel did not request any such conference call.

CAIU claims that the record reflects that it did not violate discovery rules. It claims that Plaintiffs directed inquiries to the production of insurance policies that covered transportation contractors. CAIU bases its reasons for not turning over insurance policies on the semantics of the inquiry. A liberal interpretation of the discovery rules, however, would suggest that CAIU should have produced all insurance policies. The question, then, is whether such a failure to produce amounts to sanctionable conduct.

Based on CAIU's interpretation of the nature of Plaintiffs' inquiry, the court finds CAIU's response reasonable. As an initial matter, the nature of the response cannot be termed wilful or in bad faith. Thus, the important inquiry is what prejudice was suffered by Plaintiffs. Plaintiffs assert that they

> were prejudiced by not having full discovery, in order to obtain any information regarding any payouts made for transportation contractors, or their drivers, under the umbrella policies. This information would have shown another factor indicating that the CAIU, as argued more fully in Plaintiffs' Motion for Summary Judgment, exerted control over the transportation contractors.

(Pltfs.' Br. in Supp. of Mot. for Sanctions at p. 21.)

Yet, Plaintiffs do not refer to any specific insurance policy that shows CAIU had coverage over transportation contractors that would support their need for additional inquiry. Plaintiffs further claim that CAIU admitted for the first time in its reply brief, filed November 24, 2008, that it had an excess or umbrella insurance policy over transportation contractors. (Pltfs.' Mot. for Sanctions at p. 12, ¶ 26.) Nevertheless, they knew about this policy, since they referred to in their brief in opposition to CAIU's motion for summary judgment. Thus, Plaintiffs were not surprised by the reference to this policy in CAIU's reply brief. In any event, the fact that CAIU had excess or umbrella insurance policies is not determinative of the outcome of this case and does not warrant the relief requested.

As a final point, Plaintiffs also claim that they may have been prejudiced because CAIU may have withheld other discoverable evidence. This supposition, without more, does not warrant sanctions.

### IV.      Conclusion and Order

The court finds that Plaintiffs have not established that CAIU has committed conduct that warrants sanctions. **IT IS THEREFORE ORDERED THAT** Plaintiffs' motion for sanctions is **DENIED**.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated: February 13, 2009.